No. 22-12041-GG

# In the United States Court of Appeals for the Eleventh Circuit

---

Mr. BRANDON FULTON,
APPELLANT

*v.*

BOARD OF COMMISSIONERS, FULTON COUNTY,
APPELLEE

---

*ON APPEAL FROM THE UNITED STATES DISTRICT COURT*
*FOR THE NORTHERN DISTRICT OF GEORGIA*
*(CIV. NO. 1:20cv01936)*
*(THE HONORABLE STEVE C. JONES, J)*

---

## BRIEF OF APPELLANT

---

KONRAD G.W. ZIEGLER
LEE & ZIEGLER, LLP
150 North Street
Suite M
Canton, Georgia 30114
(678) 871-0501
kziegler@leeandzieglerlaw.com

## CERTIFICATE OF INTERESTED PERSONS

Counsel for appellants certify that all parties to this appeal are natural persons or a municipality, and thus no entity owns 10% or more of the stock of any party. Pursuant to Eleventh Circuit Rule 26.1-1, the following persons have or may have an interest in the outcome of this case or appeal:

Board of Commissioners, Fulton County, Georgia (appellee)

Fulton, Brandon (appellant)

John Edwards Law Group, LLC (counsel for appellant)

Jones, The Honorable Steve C. (Northern District of Georgia)

Lee & Ziegler, LLP (counsel for appellants)

Office of the County Attorney, Fulton County (counsel for appellee)

Plott, Mathew E. (counsel for appellee)

Rosenberg, Steven E. (counsel for appellee)

Ziegler, Konrad G.W. (counsel for appellant)

## STATEMENT REGARDING ORAL ARGUMENT

Appellant respectfully submits that oral argument would be helpful to the disposition of this appeal. This case presents important and novel questions concerning interpretation of the Takings Clause and 42 U.S.C. § 1983.

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS.................CIP-1

STATEMENT REGARDING ORAL ARGUMENT ..................i

TABLE OF AUTHORITIES .......................................................iii

STATEMENT OF RELATED CASES ...................................... 1

STATEMENT OF JURISDICTION .......................................... 1

STATEMENT OF THE ISSUES ............................................... 2

STATEMENT OF THE CASE ................................................... 2

    A. Relevant Factual Background ................................... 2

    B. Procedural History ...................................................... 3

SUMMARY OF ARGUMENT.................................................... 4

ARGUMENT ............................................................................... 6

I. Because the Takings Clause is self-executing, it need not be

coupled with § 1983 to be actionable. .................................. 6

II.   As § 1983 does not confer federal jurisdiction itself, a Takings Clause claim in the absence of a § 1983 claim is proper so long that federal question jurisdiction is present from another source. ............................................... 9

III.  The text, history, and tradition of the Takings Clause show that vindication of the Takings Clause does not depend on § 1983. ................................................................... 11

   A.   Nothing in the text of the Takings Clause suggests that a Takings Clause claim is dependent on any other enabling source. ................................................. 11

   B.   The Takings Clause did not want for an enabling statute to be enforceable before § 1983 was enacted. 11

   C.   The post-§ 1983 history and tradition of Takings Clause enforcement demonstrates that § 1983 is not a necessary component of a Takings Claim. ................ 14

      1.   The first suggestion that a Takings Clause claim could be brought through § 1983 comes from *Monell* itself. ..................................................... 14

ii

2. One of the foundational incorporation cases involves a Takings Clause claim against a municipality—with no reference to § 1983. ..... 15

3. Since incorporation, the continued history and tradition of the Supreme Court's Takings Clause jurisprudence shows that the Takings Clause without § 1983 is sufficient for federal certiorari jurisdiction. ........................................................ 18

4. *City of Chi. v. Int'l College of Surgeons* demonstrates that the absence of a § 1983 claim is insufficient to prevent removal of a Takings Clause claim to federal court............................ 19

IV. Because *Monell*'s official municipal policy bar arises from § 1983, not the Takings Clause, *Monell* is not applicable to independent Takings Clause claims................................... 21

CONCLUSION.......................................................................... 22

CERTIFICATE OF COMPLIANCE........................................ 22

CERTIFICATE OF SERVICE ................................................ 24

# TABLE OF AUTHORITIES

Page

**Federal Cases**

*Agins v. Tiburon,*
447 U.S. 255 (1980) .................................................................. 18

*Barron v. City of Baltimore,*
32 U.S. 243 (1833)..................................................................... 9

*Brown v. Duchesne,*
60 U.S. (19 How.) 183 (1857)................................................... 13

*\*Chicago, Burlington & Quincy R.R. v. Chicago,*
166 U.S. 226 (1897)...........................................9, 15, 16, 17, 18

*\*City of Chicago v. Int'l Coll. of Surgeons,*
522 U.S. 156 (1997)............................................. 16, 17, 19, 20

*Corr. Servs. Corp. v. Malesko,*
534 US 61 (2001) ...................................................................... 8

*Dolan v. City of Tigard,*
512 U.S. 374 (1994)................................................................. 19

*\*First English Evangelical Lutheran Church v. County of
L.A.,*
482 U.S. 304 (1987)................................................. 5, 6, 7, 8, 18

*Hagans v. Lavine,*
415 U.S. 528 (1974)............................................................. 9, 10

*Jacobs v. United States,*
290 U.S. 13 (1933).................................................................... 7

*Kelo v. City of New London,*
545 U.S. 469 (2005)................................................................. 19

*\*Knick v. Township of Scott,*
588 U.S. ___, 139 S. Ct. 2162 (2019) ..................................... 4, 6

iii

*Monell v. Department of Social Services,*
　　436 U.S. 658 (1978)..........................................................*passim*

*Monroe v. Pape,*
　　365 U.S. 167 (1961)................................................... 17

*Penn Cent. Transp. Co. v. New York City,*
　　438 U.S. 104 (1978)................................................... 16

*Pennell v. San Jose,*
　　485 U.S. 1 (1988)..................................................... 18

*Sampeyreac v. United States,*
　　32 U.S. 222, 234 (1833)............................................. 12

*United States v. Jimenez-Shilon,*
　　34 F.4th 1042 (11th Cir. 2022) ................................. 14

*Ware v. Hylton,*
　　3 U.S. (3 Dall.) 199 (1796) ...................................... 12

*Webb's Fabulous Pharmacies v. Beckwith,*
　　449 U.S. 155 (1980)................................................. 18

*Yee v. City of Escondido,*
　　503 U.S. 519 (1992)................................................. 18

### State Cases

*Agins et Ux. v. City of Tiburon,*
　　24 Cal.3d 266, 598 P.2d 25 (1979) .......................... 18

*Dolan v. City of Tigard,*
　　317 Or. 110, 854 P.2d 437 (1993) ............................ 19

*First English Evangelical Lutheran Church v. Cty. of L.A.,*
　　210 Cal. App. 3d 1353, 258 Cal. Rptr. 893 (1989)................. 18

*Kelo v. City of New London,*
　　268 Conn. 1, 843 A.2d 500 (2004).......................... 19

*Pennell v. San Jose*,

    42 Cal. 3d 365, 721 P.2d 1111 (1986) ..................................... 18

*Webb's Fabulous Pharmacies v. Beckwith*,

    374 So. 2d 951 (Fla. 1979) ...................................................... 19

*Yee v. City of Escondido*,

    274 Cal.Rptr. 551, 224 Cal.App.3d 1349 (1990)................ 19-20

**Federal Statutes and Rules**

28 U.S.C. § 1331 ........................................................................  1, 10

28 U.S.C. § 1343(3) .................................................................... 9-11

*42 U.S.C. § 1983 ................................................................. *passim*

42 U.S.C. § 1988(a) ...................................................................... 1

Federal Rule of Civil Procedure 54(b) ......................................... 1

---

∗ Citations upon which plaintiff-appellant primarily relies are marked with an asterisk. 11th Cir. R. 28-1(e).

## STATEMENT OF RELATED CASES

There are no related cases on this Court's docket or that are pending below.

## STATEMENT OF JURISDICTION

Plaintiff-appellant asserted that the district court had jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1988(a). On February 24, 2021, the district court granted Fulton County's Motion to Dismiss (Dkt.18) and denied Appellant's Motion for Leave to Amend Complaint (Dkt.26). Dkt.39. On May 10, 2022, the district court granted Defendant Howard's Motion to Dismiss (Dkt.55), thereby resolving all pending matters in the case below. On May 11, 2022, the district court clerk entered the judgment. Dkt.56. Mr. Fulton timely filed his Notice of Appeal on June 9, 2022. Dkt.57. This Court referred this case to mediation on July 18, 2022. On July 19, 2022, the Kinnard Mediation Center extended the time for filing this brief to October 3, 2022. The jurisdiction of this Court rests on 28 U.S.C. § 1291 and Rule 54(b).

1

## STATEMENT OF THE ISSUES

1.      Whether the district court erred in denying Plaintiff's motion for leave to amend the complaint and holding that Plaintiff's proposed Takings Clause claim would be futile in the absence of a 42 U.S.C. § 1983 claim.

2.      To the extent that the district court's order does so, whether the district court erred in implying that no federal question jurisdiction for Takings Clause claims existed independent of 42 U.S.C. § 1983.

## STATEMENT OF THE CASE

The only part of the trial court's February 24, 2021 Order that Mr. Fulton appeals is the trial court's denial of Mr. Fulton's Motion for Leave to Amend the Complaint.

### A.    Relevant Factual Background

On April 22, 2017, officers for the Fulton County Animal Services ("FCAS") entered Mr. Fulton's property in South Fulton County. *See* Order, Dkt. 39 at p. 2. The officers arrested Mr. Fulton for felony cruelty to animals and seized seven horses from his property. *Id.* In

2

compliance with a bond order for Mr. Fulton to "turn over any animals owned," FCAS retained custody of the horses. *Id.* On April 5, 2018, the State of Georgia dismissed the criminal charges against Mr. Fulton. *Id.* However, Mr. Fulton's horses have yet to be returned to him. *Id.* Mr. Fulton alleges that FCAS continues to hold his horses and has refused to return the horses or their equivalent value despite his repeated requests to do so. *Id.*

### B.    Procedural History

On May 5, 2020, Mr. Fulton filed the action below against the Fulton County Board of Commissioners and two additional defendants, who are not a part of this appeal. Dkt.1. On February 24, 2021, the district court granted Fulton County's Motion to Dismiss (Dkt.18) and denied Appellant's Motion for Leave to Amend Complaint (Dkt.26). Dkt.39. On May 10, 2022, the district court granted Defendant Howard's Motion to Dismiss (Dkt.55), thereby resolving all pending matters in the case below. On May 11, 2022, the district court clerk entered the judgment. Dkt.56. Mr. Fulton timely filed his Notice of Appeal on June 9,

2022. Dkt.57. This Court referred this case to mediation on July 18, 2022. On July 19, 2022, the Kinnard Mediation Center extended the time for filing this brief to October 3, 2022.

## SUMMARY OF ARGUMENT

The trial court was right that *Monell v. Department of Social Services*, 436 U.S. 658 (1978), bars Mr. Fulton's Takings Clause claim raised through § 1983 against Fulton County.

Where the trial court erred was in ruling that Mr. Fulton's pending Motion to Amend the Complaint was futile because a Takings Clause claim could not stand on its own in the absence of § 1983.

When the United States Supreme Court reopened federal courts to Fifth Amendment takings claims in *Knick v. Township of Scott*, the Supreme Court made it clear that "A property owner may bring a takings claim under §1983 upon the taking of his property without just compensation by a local government." 588 U.S. ___, ___, 139 S. Ct. 2162, 2179 (2019).

The question here is whether a Takings Clause claim must travel under § 1983 or whether a Takings Clause claim

can stand independently of § 1983?

For at least four reasons, a Takings Clause claim can stand independently of § 1983:

First, the Takings Clause is self-executing and does not require any additional statutory authority. *First English Evangelical Lutheran Church v. County of L.A.*, 482 U.S. 304, 315 (1987).

Second, as § 1983 does not confer federal jurisdiction itself, a Takings Clause claim in the absence of a § 1983 claim is proper so long that federal question jurisdiction is present from another source.

Third, the text, history, and tradition of the Takings Clause show that vindication of the Takings Clause does not depend on § 1983.

Fourth, as the *Monell* bar to municipal liability in the absence of official municipal policy arises solely from § 1983 and not the Takings Clause, the *Monell* bar has no application to an independent Takings Clause claim.

5

## ARGUMENT

**I.    Because the Takings Clause is self-executing, it need not be coupled with § 1983 to be actionable.**

*Knick* makes it clear that "If a local government takes private property without paying for it, that government has violated the Fifth Amendment—just as the Takings Clause says…" *Id.*, 139 S. Ct. at 2170.

*Knick* also makes it clear that a Fifth Amendment takings claim can be made in federal court using § 1983 as a jurisdictional hook. *See id.*, 139 S. Ct. at 2170.

But as the U.S. Supreme Court has repeatedly emphasized, the Takings Clause is self-executing and independent statutory recognition is not necessary.

In *First English Evangelical Lutheran Church v. County of L.A.*, the Supreme Court reiterated that:

> [C]laims for just compensation are grounded in the Constitution itself: 'The suits were based on the right to recover just compensation for property taken by the United States for public use in the exercise of its

power of eminent domain. That right was guaranteed by the Constitution. The fact that condemnation proceedings were not instituted and that the right was asserted in suits by the owners did not change the essential nature of the claim. The form of the remedy did not qualify the right. **It rested upon the Fifth Amendment. Statutory recognition was not necessary.** A promise to pay was not necessary. Such a promise was implied because of the duty to pay imposed by the Amendment. *The suits were thus founded upon the Constitution of the United States.*'

*Id.*, 482 U.S. 304, 315 (1987) (emphasis in italics in original, emphasis in bold added) quoting *Jacobs v. United States*, 290 U.S. 13, 16 (1933).

Moreover, in *First English*, the Supreme Court "refute[s] the argument of the United States that 'the Constitution does not, of its own force, furnish a basis for a court to award money damages against the government.'" *Id.*, 482 U.S. at 316 n.9.

7

In addition to being self-executing, the Just Compensation Clause is also a remedial provision. *First English*, 482 U.S. at 316 ("the compensation remedy is required by the Constitution"). As such, the government has a constitutional obligation to pay just compensation—Congress need not provide a remedy for money damages, nor recognize it by statute.

As detailed *infra*, *First English* follows a distinct pattern of the U.S. Supreme Court reviewing Takings Clause claims against municipalities in which § 1983 was not raised. *See First English Evangelical Lutheran Church v. County of Los Angeles*, 210 Cal. App. 3d 1354, 1357-59, 258 Cal. Rptr. 893, 895-96 (1989) (recounting procedural history on remand).

Because the Takings Clause is self-executing and statutory recognition is not necessary, the trial court erred in ruling that the proposed independent Takings Clause claim below was futile without a supporting § 1983 claim.[1]

---

[1] The district court's conclusion that a Takings Clause claim "may only be brought against federal officers" (Dkt.39 at p. 10) is unsupported. First, *Corr. Servs. Corp. v. Malesko* involves a *Bivens* claim implied under the Fourth Amendment against

**II.    As § 1983 does not confer federal jurisdiction itself, a Takings Clause claim in the absence of a § 1983 claim is proper so long that federal question jurisdiction is present from another source.**

As the Supreme Court determined in *Hagans v. Lavine*, "the federal cause of action created by the section [1983] does not by itself confer jurisdiction upon the federal district courts to adjudicate these claims." *Id.*, 415 U.S. 528, 535 (1974).

Instead, the subject matter jurisdiction for a constitutional violation claim arises from two different sources:

First, 28 U.S.C. § 1343(3) provides:

> The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

private actors. *Id.*, 534 U.S. 61, 67-68 (2001). Second, *Barron v. City of Baltimore*, 32 U.S. 243 (1833) has been superseded by the Fourteenth Amendment and overruled by implication by *Chicago, Burlington & Quincy R.R. v. Chicago*, 166 U.S. 226 (1897) and its progeny.

9

. . . .

> (3) To redress the deprivation, under color
> of any State law, statute, ordinance,
> regulation, custom or usage, of any right,
> privilege or immunity secured by the
> Constitution of the United States or by any
> Act of Congress providing for equal rights
> of citizens or of all persons within the
> jurisdiction of the United States…"

*Hagans*, 415 U.S. at 535-36. As the claim here is that Fulton County violated the Takings Clause, this Takings Clause claim falls into the jurisdiction created by 28 U.S.C. § 1343(3) as a "depravation" of a "right… secured by the Constitution."

Moreover, as 28 U.S.C. § 1331 provides jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States", a Takings Clause claim enjoys federal question jurisdiction independent of § 1983.

The trial court erred by ruling that the proposed

independent Takings Clause claim would be futile unless coupled with a § 1983 claim. And to the extent that the trial court implied that no federal question jurisdiction for Takings Clause claims existed independent of § 1983, the trial court erred as well.

**III.  The text, history, and tradition of the Takings Clause show that vindication of the Takings Clause does not depend on § 1983.**

    **A.  Nothing in the text of the Takings Clause suggests that a Takings Clause claim is dependent on any other enabling source.**

The text of the Takings Clause is simple and concise: "nor shall private property be taken for public use, without just compensation." Nothing refers outside of the Takings Clause or suggests the necessity of an enabling statute.

    **B.  The Takings Clause did not want for an enabling statute to be enforceable before § 1983 was enacted.**

It is perhaps circular to point out that before Congress enacted § 1983, that § 1983 was unnecessary to bring a Takings

Clause claim against the federal government. But what it illustrates is that § 1983 wasn't trapped in a glass case waiting eighty years for an enabling statute to set it free.

While obviously only applicable as to the federal government until the passage of the Fourteenth Amendment, the U.S. Supreme Court's jurisprudence shows no hesitation to enforce the Takings Clause before Congress enacted § 1983 in 1871. For example:

- "This principle is recognized by the Constitution, which declares, 'that private property shall not be taken for public use without just compensation.'" *Ware v. Hylton*, 3 U.S. (3 Dall.) 199, 245 (1796).

- "By such an operation the law was not remedial, but was an extinguishment of a right. This is contrary to the fifth amendment of the constitution, by which private property is protected. The private property of Stewart was, by this act, taken away and given to the United States." *Sampeyreac v. United States*, 32 U.S. 222, 234 (1833).

- "For, by the laws of the United States, the rights of a party under a patent are his private property; and by the Constitution of the United States, private property cannot be taken for public use without just compensation." *Brown v. Duchesne*, 60 U.S. (19 How.) 183, 197 (1857).

There is an argument to be made that because the Takings Clause was, pre-Fourteenth Amendment, only applicable to the federal government, that a § 1983-like statute was unnecessary. While as cited above, the Takings Clause started out as self-executing, the Takings Clause became no less self-executing after it became applicable against the States and municipalities through the Fourteenth Amendment.

What the Takings Clause's post-Fourteenth Amendment history and tradition shows is that the Supreme Court continues to treat Takings Clause claims independent of § 1983 as self-executing. As cited below, the Supreme Court continues to enforce the Takings Clause as self-executing against the States and municipalities, starting with the very first wave of incorporation cases.

13

C.    The post-§ 1983 history and tradition of Takings Clause enforcement demonstrates that § 1983 is not a necessary component of a Takings Claim.

If § 1983 was necessary to enforce the Takings Clause against the States, then all post-§ 1983 Takings Clause claims against states and municipalities would have flowed through § 1983. But the history and tradition of post-§ 1983 Fifth Amendment claims tells a different story.[2]

1.    The first suggestion that a Takings Clause claim could be brought through § 1983 comes from *Monell* itself.

*Monell* itself provides the first suggestion that a Takings Clause claim could be brought through § 1983. As Justice Rehnquist noted, "It has not been generally thought, before today, that § 1983 provided an avenue of relief from unconstitutional takings." *Monell*, 436 U.S. at 721 n.4 (1978) (Rehnquist, J. dissenting). Instead, "Those federal courts which

---

[2] As Judge Newsom suggests, there is little, if any, discernable line between history and tradition as separate categories. *See United States v. Jimenez-Shilon*, 34 F.4th 1042, 1051 n.2 (11th Cir. 2022) (Newsom, J. concurring).

have granted compensation against state and local governments have resorted to an implied right of action under the Fifth and Fourteenth Amendments." *Id.*, (collected cases omitted).

As Justice Rehnquist explains, before *Monell* in 1978, Takings Clause claims were not brought under § 1983. To the contrary, federal courts recognized the stand-alone implied rights of action under the Fifth and Fourteenth Amendments.

The trial court's conclusion that a Takings Clause claim independent of § 1983 was futile is refuted by the post-§ 1983 history and tradition of Takings Clause enforcement.

> 2. **One of the foundational incorporation cases involves a Takings Clause claim against a municipality—with no reference to § 1983.**

Among the first cases to incorporate the Bill of Rights against the States was *Chicago, Burlington & Quincy R.R. v. Chicago*, 166 U.S. 226 (1897).

As the Supreme Court, citing *Chicago, B. & Q.*, later said, "The guarantee that private property shall not be taken for public use without just compensation is applicable to the States

through the Fourteenth Amendment." *Penn Cent. Transp. Co. v. New York City*, 438 U.S. 104, 141 n.3 (1978) citing *Chicago, B. & Q.*, 166 U.S. at 236.

*Chicago, B. & Q.* is important to answering the question here for at least three reasons:

First, *Chicago, B. & Q.* incorporates the Takings Clause against a municipality, the City of Chicago.

Second, *Chicago, B. & Q.* demonstrates that a Takings Clause claim does not depend on § 1983 for federal certiorari jurisdiction.[3] Despite § 1983 having been enacted some twenty-six years earlier, there is no mention of § 1983 in the U.S.

---

[3] The Supreme Court determined that, even though the Illinois Supreme Court's judgment did not expressly rest on Fifth or Fourteenth Amendment grounds, "The judgment of affirmance necessarily denied the Federal rights thus specially set up by the defendant; for that judgment could not have been rendered without deciding adversely to such claims of right. Those claims went to the very foundation of the whole proceeding so far as it related to the railroad company, and the legal effect of the judgment of the Supreme Court of the State was to deny them." *Id.*, 166 U.S. at 232.

Supreme Court opinion or the Illinois Supreme Court opinion. *See id.*; *Chicago, B. & Q. R. Co. v. City of Chicago*, 149 Ill. 457, 37 N.E. 78 (1894). Had § 1983 been essential to establishing the federal constitutional questions, the U.S. Supreme Court would not have granted certiorari.

Third, *Chicago, B. & Q.* and its progeny draw a sharp distinction between Takings Clause claims and § 1983 claims. In *Chicago, B. & Q.*—in 1897—the Supreme Court applies the Takings Clause against a municipality. As discussed *infra*, the Supreme Court continues to apply the Takings Clause against municipalities (without reference to § 1983) to the present.

In contrast, *Monell*—in 1978—was the first case to apply a § 1983 claim against a municipality. *See Monell*, 436 U.S. at 663, ("That other day has come and we now overrule *Monroe v. Pape*, supra, insofar as it holds that local governments are wholly immune from suit under § 1983.").

So, for eighty-one years, a Takings Clause claim against a municipality *could not* be paired with § 1983.

3.    **Since incorporation, the continued history and tradition of the Supreme Court's Takings Clause jurisprudence shows that the Takings Clause without § 1983 is sufficient for federal certiorari jurisdiction**.

Since the Takings Clause was incorporated against the States and municipalities in *Chicago, B. & Q.*, the Supreme Court continues an uninterrupted history and tradition of treating Takings Clause claims alone without § 1983 as a sufficient jurisdictional hook for federal certiorari jurisdiction. The list, as collected, includes many of the Supreme Court's watershed Takings Clause cases.[4] In each, § 1983 is absent, both on certiorari and before.

─────────────

[4] *See*, *e.g.*, *Agins v. Tiburon*, 447 U.S. 255 (1980) sub nom. *Agins et Ux. v. City of Tiburon*, 24 Cal.3d 266, 598 P.2d 25 (1979); *Webb's Fabulous Pharmacies v. Beckwith*, 449 U.S. 155 (1980), 374 So. 2d 951 (Fla. 1979); *First English Evangelical Lutheran Church v. Cty. of L.A.*, 482 U.S. 304 (1987), 210 Cal. App. 3d 1353, 258 Cal. Rptr. 893 (1989); *Pennell v. San Jose*, 485 U.S. 1 (1988), 42 Cal. 3d 365, 721 P.2d 1111 (1986); *Yee v. City of Escondido*, 503 U.S. 519 (1992), 274 Cal.Rptr. 551, 224

18

Indeed, if the Takings Clause itself without § 1983 did not create a sufficient independent federal question, the Supreme Court would be without jurisdiction to review such cases. As the Supreme Court explained in *Murdock v. Memphis*, "And we think it equally clear that it has been the counterpart of the same policy to vest in the Supreme Court, as a court of appeal from the State courts, a jurisdiction limited to the questions of a Federal character which might be involved in such cases." *Id.*, 87 U.S. (20 Wall.) 590, 631 (1874).

Again, the fact that the Supreme Court regularly reviews Taking Clause cases from state appellate courts shows that a Takings Clause claim is sufficient on its own to confer federal question jurisdiction.

> 4.  *City of Chi. v. Int'l College of Surgeons* **demonstrates that the absence of a § 1983 claim is insufficient to prevent removal of a Takings Clause claim to federal court.**

Cal.App.3d 1349 (1990); *Dolan v. City of Tigard*, 512 U.S. 374 (1994), 317 Or. 110, 854 P.2d 437 (1993); *Kelo v. City of New London*, 545 U.S. 469 (2005), 268 Conn. 1, 843 A.2d 500 (2004).

An argument could be made that the above cases don't really represent federal question jurisdiction because they arise from state appellate courts. The Supreme Court's decision in *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156 (1997) proves that argument wrong.

In *City of Chicago*, the plaintiff International College of Surgeons (ICS) filed a Takings Clause claim and others related to a historic landmarks designation of two of its properties. *Id.*, 522 U.S. at 159-60. ICS deliberately avoided making a § 1983 claim to avoid removal to federal court. 522 U.S. at 167.

When the case was removed anyway, ICS appealed to the Seventh Circuit. 522 U.S. at 161-62.

Ultimately, the U.S. Supreme Court ruled that "the facial and as-applied federal constitutional claims raised by ICS 'arise under' federal law for purposes of federal question jurisdiction." 522 U.S. 156, 167-68.

So not only is an independent Takings Clause claim sufficient to confer federal jurisdiction, the absence of a § 1983 claim is insufficient to prevent removal to federal court.

The trial court erred in ruling that the proposed Takings Clause claim was futile.

**IV.    Because *Monell*'s official municipal policy bar arises from § 1983, not the Takings Clause, *Monell* is not applicable to independent Takings Clause claims.**

In *Monell*, the Supreme Court made it clear that the official municipal policy requirement comes from § 1983: "On the other hand, the language of § 1983, read against the background of the same legislative history, compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.*, 436 U.S. at 691.

Because the official municipal policy bar is a creature of § 1983, it should not be applied outside of the § 1983 context to independent Takings Clause claims.

Inverse condemnation claims illustrate this principle best. The compensable taking in inverse condemnation claims is often an unintended consequence of some other government action or regulation and not the direct product of official policy. Even if

such takings are not the direct result of official policy, such takings are still required to be compensated.

Moreover, applying *Monell* to independent Takings Clause claims would put statutory interpretation over what is a clear Constitutional directive—that all takings of private property for public use must be compensated.

## CONCLUSION

This Court should reverse the denial of Mr. Fulton's Motion to Amend Complaint and remand for further proceedings.

Respectfully submitted,

*/s/ Konrad Ziegler*
Konrad G.W. Ziegler
Lee & Ziegler, LLP
*150 North Street*
*Suite M*
*Canton, Georgia 30114*
*(678) 871-0501*
*kziegler@leeandzieglerlaw.com*

## CERTIFICATE OF COMPLIANCE
## WITH TYPEFACE AND WORD-COUNT LIMITATIONS

I, Konrad G.W. Ziegler, counsel for appellant and a member of the Bar of this Court, certify, pursuant to Federal Rule of Appellate Procedure 32(a)(7)(B), that the attached Brief of

22

Appellants is proportionately spaced, has a typeface of 14 points or more, and contains 3,619 words.

/s/ Konrad Ziegler
KONRAD G.W. ZIEGLER

## CERTIFICATE OF SERVICE

I, Konrad G.W. Ziegler, counsel for appellant and a member of the Bar of this Court, certify that, on October 2, 2022, I electronically filed the foregoing document with the United States Court of Appeals for the Eleventh Circuit by using the appellate NextGen System. I certify that all participants in the case are registered NexGen users and that service will be accomplished by the appellate NextGen system.

/s/ Konrad Ziegler
KONRAD G.W. ZIEGLER

24