# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-12041

_____

BRANDON FULTON,

                                      Plaintiff-Appellant,

*versus*

FULTON COUNTY BOARD OF COMMISSIONERS,

                                      Defendant-Appellee,

PAUL L. HOWARD, JR.,
Esq.; in his individual capacity, et al.,

                                      Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-01936-SCJ

_____

ORDER:

The Court directs Appellant and Appellee to submit supplemental briefing. The Court desires for the parties to focus their briefs on the following issues:

1. **Which statute of limitations under Georgia law would likely apply to claims brought directly under the Takings Clause?**

2. **Does the Takings Clause provide a cause of action directly against the federal government under the Fifth Amendment?**

    a. **If no, how does the lack of a cause of action square with the Supreme Court's repeated holdings that the Takings Clause mandates a "remedy"? Do existing statutory remedies fully vindicate the constitutional right?**

    b. **If yes, what textual, structural, historical, precedential, or other evidence supports that conclusion? Is this cause of action express in the original public meaning of the Constitution and/or does the Constitution grant the judiciary remedial authority to recognize an implied cause of action for takings?**

3. **Does the Fourteenth Amendment extend a direct cause of action for takings against state governments? Please address the same follow-up questions noted above as relevant to this question.**

    a. **Please address whether an existing inverse condemnation action under state law or the cause of action under section 1983 is a constitutionally sufficient remedy to vindicate the right to just compensation.**

    b. **Please address as relevant how incorporation via the Fourteenth Amendment may have, if at all, expanded or shrunk the right to just compensation as applied to the states and the judiciary's authority to recognize a constitutional cause of action.**

4. **If we assume that the Takings Clause does provide a direct cause of action against either the federal government or state governments, would that cause of action necessarily lie against local governments?**

    a. **If no, what distinguishes local governments from state agencies, instrumentalities, or branches of government for purposes of the Takings Clause?**

    b. **If yes, please address whether a cause of action under section 1983 is a constitutionally sufficient remedy to fully vindicate the right to just compensation for violations by local governments.**

Appellant and Appellee's briefs shall be no more than 13,000 words and Appellant's reply brief no more than 6,500 words. Appellant's brief is due within 30 days of this order, Appellee's brief is due within 60 days of this order, and Appellant's reply brief is due within 21 days after Appellee's brief is filed.

DAVID J. SMITH
Clerk of the United States Court of
Appeals for the Eleventh Circuit

ENTERED FOR THE COURT - BY DIRECTION