No. 22-12401

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

**BRANDON FULTON,**

*Plaintiff/Appellant,*

v.

**FULTON COUNTY BOARD OF COMMISSIONERS,**

*Defendant/Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION
Civil Action File No. 1:20-CV-01936-SCJ

---

## SUPPLEMENTAL BRIEF OF APPELLEE

---

Karen E. Woodward
Michael D. Hoffer
**CRUSER, MITCHELL, NOVITZ,**
**SANCHEZ, GASTON & ZIMET, LLP**
Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, Georgia 30092
(404) 881-2622
kwoodward@cmlawfirm.com
mhoffer@cmlawfirm.com
*Attorneys for Defendant-Appellee*

*Fulton v. Fulton County Board of Commissioners*
Appeal No. 22-12041

## CERTIFICATE OF INTERESTERD PERSONS AND CORPORATE DISCLOSURE STATEMENT

In accordance with 11th Circuit Rule 26.1-1(a)(3), the undersigned counsel for Appellee Fulton County Board of Commissioners certifies that the following is a full and complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this particular case or appeal, including any subsidiaries, conglomerates, affiliates, parent corporation and any publicly held corporation that owns 10% or more of the stock of a party, and any other identifiable legal entities related to a party:

1.  Bowman, Brad (Counsel for Appellee)

2.  The Buckeye Institute (Amicus Curiae)

3.  Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP (Counsel for Appellee)

4.  Edwards, John C. (Counsel for Appellant)

5.  Ely Jr., James W. (Amicus Curiae)

6.  Farag, Donna M. (Counsel for Amici)

7.  Fulton, Brandon (Appellant)

8.  Fulton County Board of Commissioners (Appellee)

9.  Gates, Douglas W. (Counsel for Amici)

10. Georgia Department of Law, Solicitor General (Counsel for Amicus)

4918-9922-7666, v. 1

*Fulton v. Fulton County Board of Commissioners*
Appeal No. 22-12041

11.  Hebert, Christen Mason (Counsel for Amicus)

12.  Hoffer, Michael (Counsel for Appellee)

13.  Institute for Justice, a 501(c)(3) nonprofit corporation (Amicus Curiae)

14.  John Edwards Law Group, LLC (Counsel for Appellant)

15.  Jones, The Honorable Steve C. (United States District Judge)

16.  Lee & Ziegler, LLP (Counsel for Appellant)

17.  Mahoney, Julia D. (Amicus Curiae)

18.  McNamara, Robert J. (Counsel for Amicus)

19.  Office of the Fulton County Attorney (Counsel for Appellee)

20.  Petrany, Stephen J. (Counsel for Amicus)

21.  Plott, Mathew (Counsel for Appellee)

22.  Rodenberg, William D. (Counsel for Amicus)

23.  Rosenberg, Steven (Former Counsel for Appellee)

24.  Saunders, Thomas G. (Counsel for Amici)

25.  Sen, Suranjan M. (Counsel for Amicus)

26.  Solicitor General of the State of Georgia (Amicus Curiae)

27.  Ward, Andrew (Counsel for Amicus)

28.  Wilmer Cutler Pickering Hale and Dorr LLP (Counsel for Amici)

29.  Woodward, Karen E. (Counsel for Appellee)

30.  Ziegler, Konrad G.W. (Counsel for Appellant)

*Fulton v. Fulton County Board of Commissioners*
Appeal No. 22-12041

This 23rd day of January, 2025.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

By:  */s/ Michael D. Hoffer*
     Michael D. Hoffer
     Georgia Bar No.: 359493

Cruser, Mitchell, Novitz,
Sanchez, Gaston & Zimet, LLP
Meridian II, Suite 2000
275 Scientific Drive
Norcross, Georgia 30092
mhoffer@cmlawfirm.com
(404) 737-8443

## <u>TABLE OF CONTENTS</u>

CERTIFICATE OF INTERESTED PERSONS……………………....….. C1 of 3

TABLE OF CONTENTS……………….…..…………………………….….i

TABLE OF AUTHORITIES……………………………………………….….ii

STATEMENT OF THE ISSUES…………………………………………..1

RELEVANT PROCEDURAL HISTORY……………………………………2

SUMMARY OF THE ARGUMENT………………………………………….3

ARGUMENT ………………………………………………………………4

    I.    Georgia's Two-Year Personal Injury Statute of Limitations Should Apply to Claims Brought Under the Takings Clause …..………..….…4

        .    Supreme Court and This Court's Precedent is that Fifth Amendment Takings Clause Claims are Money Damages Claims Under 42 U.S.C. § 1983……………………………………………………...5

        .    Georgia's Two-Year Personal Injury Statute of Limitations Applies………………………………………………………6

    II.    A Direct Cause of Action Under the Takings Clause is not Necessary as There are Adequate Remedies Available Under Existing Federal and Georgia Laws that Fully Vindicate the Right to Just Compensation for Violations by Local Governments..........................................................8

CONCLUSION………………………………………………...……13

CERTIFICATE OF COMPLIANCE…………………………………...…14

 CERTIFICATE OF SERVICE………………….....…………………………15

i

TABLE OF AUTHORITIES

**Federal Constitutional Provisions**                                    **Page(s)**

*Takings Clause of the Fifth Amendment…………………………………*passim*

**Federal Cases**

ALA Mgmt., LLC v. Hall County, Dkt. No. 24-10618, 2024 WL 4449752

(11th Cir. Oct. 9, 2024)………………………………………………………9

Bickerstaff Clay Prods. Co. v. Harris County, 89 F.3d 1481 (11th Cir. 1996).........9

Boyd v. Warden, Holman Corr. Facility, 856 F.3d 853 (11th Cir. 2017)………….7

Brantley County Dev. Partners, LLC v. Brantley County, 559 F. Supp. 3d 1345

(S.D. Ga. 2021)……………………………………………………………………9

Corey v. Rockdale County, 689 F. Supp. 3d 1251 (N.D. Ga. 2023)……………7, 9

*DeVillier v. Texas, 601 U.S. 285, 144 S. Ct. 938 (2024)…………8, 10, 11, 12, 13

Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994)…………………………7

Heyman v. Cooper, 31 F.4th 1315 (11th Cir. 2022)………………………………9

*Knick v. Township of Scott, 588 U.S. 180, 139 S. Ct. 2162 (2019)……...…*passim*

McNair v. Allen, 515 F.3d 1168 (11th Cir. 2008)……………………………6, 7

Mullinax v. McElhenney, 817 F.2d 711 (11th Cir. 1987)…………………………6

Rymer v. Douglas County, 764 F.2d 796 (11th Cir. 1985)………………………..5

San Remo Hotel, L. P. v. City and County of San Francisco, 545 U.S. 323,

125 S. Ct. 2491 (2005)……………………………………………………11

Short Term Rental Owners Ass'n of Georgia, Inc. v. Cooper, 515 F. Supp. 3d 1331

(N.D. Ga. 2021)……………………………………………………………9

Thomas v. Lee, 298 Fed. Appx. 906, 908 (11th Cir. 2008)……………………….7

Wallace v. Kato, 549 U.S. 384, 127 S. Ct. 1091 (2007)…………………………..7

Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City,

473 U.S. 172, 105 S. Ct. 3108 (1985)……………………………………………..11

**Federal Statutes**

42 U.S.C. § 1983…………………………………………………………*passim*

**State Constitutional Provisions**

Ga. Const. art. I, § III, ¶ I(a)……………………………………………………8

**State Cases**

Lathrop v. Deal, 301 Ga. 408, 801 S.E.2d 867 (2017)……………………………8

**State Statutes**

O.C.G.A. § 9-3-33………………………………………………………………7

4902-0977-5122, v. 2

## STATEMENT OF THE ISSUES

1. Which statute of limitations under Georgia law would likely apply to claims brought directly under the Takings Clause?[1]

2. Assuming that the Takings Clause does provide a direct cause of action against either the federal government or state governments, would that cause of action necessarily lie against local governments?

---

[1] This Court asked the parties and amici to address two other questions: (1) Does the Takings Clause provide a cause of action directly against the federal government under the Fifth Amendment? And (2) Does the Fourteenth Amendment extend a direct cause of action for takings against state governments? Fulton County Board of Commissioners ("FBOC") will direct its arguments at Issues 1 and 2 above, as the statute of limitations issue is dispositive of Fulton's claim and because FBOC is a local, and not the federal or a state, government.

4919-6004-5330, v. 1

## RELEVANT PROCEDURAL HISTORY

This Court, on November 13, 2024, ordered the parties and invited amici to file supplemental briefing on the questions set forth above. (Doc. 31)

4919-6004-5330, v. 1

## <u>SUMMARY OF THE ARGUMENT</u>

Because a Fifth Amendment Takings Clause just compensation claim is a claim for money damages to remedy the constitutional violation, it has a vehicle to proceed under 42 U.S.C. § 1983, which in turn borrows Georgia's two-year personal injury statute of limitations. And because a Georgia Takings Clause claimant may proceed under § 1983 and/or the Georgia Takings Clause, as well as file a takings suit in Georgia state or federal court, there need not be a direct, freestanding Fifth Amendment Takings Clause cause of action against a local government.

4919-6004-5330, v. 1

# **ARGUMENT**

## I.    **Georgia's Two-Year Personal Injury Statute of Limitations Should Apply to Claims Brought Under the Takings Clause**

The answer to this question turns on what sort of constitutional claim a Takings Clause action is (and specifically to this case, what relief Fulton sought). The answer under both this Court's and Supreme Court precedent is that a Fifth Amendment just compensation Takings Clause claim is a constitutional claim for money damages with the procedural vehicle of 42 U.S.C. § 1983. And a claim for money damages via his "just compensation" claim is exactly the claim that Fulton made. This is important because this Court's law has been crystal clear and consistent that the proper statute of limitations to use for a constitutional violation allowable under § 1983 is the forum state's personal injury statute of limitations: here, Georgia's two-year personal injury statute of limitations.

And although the Court's question asked for the likely Georgia statute of limitations for claims brought directly under the Takings Clause, it is FBOC's position, as set forth below, that, because Georgia takings claimants already have procedural vehicles (via 42 U.S.C. § 1983 and the Georgia Constitution) by which they can obtain compensation for the taking, there is no direct, freestanding cause of action under the Fifth Amendment Takings Clause. To the extent the Court wants FBOC to consider that such a cause of action exists, because a Takings Clause just compensation cause claim is at its heart a claim for money damages to remedy a

4

Constitutional violation, then the analogous state limitations period is the personal injury statute of limitations, in harmony with § 1983.

### A. Supreme Court and This Court's Precedent is that Fifth Amendment Takings Clause Claims are Money Damages Claims Under 42 U.S.C. § 1983

This Court already has written that a Fifth Amendment Takings Clause claim is an allegation of a constitutional violation which sounds in tort, and thus implicates 42 U.S.C. § 1983. See Rymer v. Douglas County, 764 F.2d 796, 800 (11th Cir. 1985). In a seminal and recent Fifth Amendment Takings Clause case, the Supreme Court held that "someone whose property has been taken by a local government has a claim under § 1983 for a 'deprivation of [a] right[ ] ... secured by the Constitution' that he may bring upon the taking in federal court." Knick v. Township of Scott, 588 U.S. 180, 194, 139 S. Ct. 2162, 2172 (2019). Stating this another way, the Knick Court wrote that "a taking without compensation violates the self-executing Fifth Amendment" that gives rise to a claim under 42 U.S.C. § 1983. 588 U.S. at 194-195, 139 S. Ct. at 2172-2173. The Knick Court went on to hold that "a property owner may bring a Fifth Amendment claim under § 1983" if a government violates the Takings Clause when it takes property without compensation. 588 U.S. at 202, 139 S. Ct. at 2177. The remedy for a Fifth Amendment violation is a suit for money damages. Id. ("[t]akings claims against local governments should be handled the same as other claims under the Bill of Rights"). The Knick Court further stated that

5

the remedy for a taking in violation of the Fifth Amendment is to "sue the government for the 'deprivation of a right' secured by the Constitution" via § 1983. 588 U.S. at 189, 139 S. Ct. at 2170.

Put succinctly, "it is the existence of the Fifth Amendment right that allows the [aggrieved property] owner to proceed directly to federal court under § 1983." Id., 588 U.S. at 191, 139 S. Ct. at 2171. Although Fulton mentions Knick, he avoids the Supreme Court's repeated mantra that the remedy for a self-executing Fifth Amendment Takings Clause claim is a suit for money damages under § 1983.

### B.    Georgia's Two-Year Personal Injury Statute of Limitations Applies

That a Fifth Amendment takings claimant may proceed directly to federal court under 42 U.S.C. § 1983 - and that a Fifth Amendment claim is a species of constitutional violation claim where the remedy is money damages - is critical because these principles determine the proper Georgia statute of limitations to use.

In deciding § 1983 claims, courts are to apply "the most appropriate and analogous state statute of limitations." Mullinax v. McElhenney, 817 F.2d 711, 716 n.2 (11th Cir. 1987). The Supreme Court long ago instructed that the state's limitations period governing personal injury claims is the one applicable to § 1983 claims. Mullinax, 817 F.2d at 716 n.2; see McNair v. Allen, 515 F.3d 1168, 1173 (11th Cir. 2008). "All constitutional claims brought under § 1983 are tort actions and, thus, are subject to the statute of limitations governing personal injury actions

in the state where the § 1983 action has been brought." Boyd v. Warden, Holman Corr. Facility, 856 F.3d 853, 872 (11th Cir. 2017) (citing Wallace v. Kato, 549 U.S. 384, 387, 127 S. Ct. 1091 (2007)); McNair, 515 F.3d at 1173.

In Georgia, the proper limitations period is two years. O.C.G.A. § 9-3-33; see Mullinax, 817 F.2d at 716 n.2 ("[T]he proper limitations period for all [§] 1983 actions in Georgia is the two-year limitations period set forth in O.C.G.A. § 9-3-33"); Thomas v. Lee, 298 Fed. Appx. 906, 908 (11th Cir. 2008) (applying Georgia's two-year personal injury limitations period to due process claim); Corey v. Rockdale County, 689 F. Supp. 3d 1251, 1264–65 (N.D. Ga. 2023) (applying Georgia's two-year personal injury limitations period to takings claim).

Applied here, Fulton simply filed his takings lawsuit too late. "A property owner has an actionable Fifth Amendment takings claim when the government takes his property without paying for it." Knick, 588 U.S. at 185, 139 S. Ct. at 2167. Here, Fulton alleged that Fulton County Animal Services seized seven horses on April 22, 2017 and arrested him for felony cruelty to animals. (Doc. 1 at 4). These criminal charges were dismissed on April 5, 2018. (Doc. 1 at 4). Fulton did not file his Fifth Amendment takings claim (which he brought under § 1983) until May 5, 2020. (Doc. 1 at 5). Under Knick, Fulton's takings claim accrued on April 22, 2017. Even if the two-year statute of limitations was tolled, per Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), until the date his criminal charges were dismissed (April 5,

7

2018), Fulton still waited for more than two years to file the underlying lawsuit. His takings claim thus is time-barred.

**II.    A Direct Cause of Action Under the Takings Clause is not Necessary as There are Adequate Remedies Available Under Existing Federal and Georgia Laws that Fully Vindicate the Right to Just Compensation for Violations by Local Governments**

As FBOC understands the Court's question, it assumes that the Court is asking whether the Takings Clause must be interpreted as providing a freestanding right to sue, independent of any other federal or state law, to allow takings clause just compensation claimants to vindicate their rights. FBOC's answer, at least in Georgia, is no. Why? Because a just compensation claimant in Georgia has several procedural vehicles by which the claimant may pursue a just compensation claim. And nothing in Knick or DeVillier v. Texas, 601 U.S. 285, 144 S. Ct. 938 (2024), demands a different result.

First, Georgia's constitution contains an inverse condemnation cause of action that is a Takings Clause remedy. Georgia's "Takings Clause" states that "private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid." Ga. Const. art. I, § III, ¶ I(a); see Lathrop v. Deal, 301 Ga. 408, 426-427, 801 S.E.2d 867, 880-881 (2017) (stating that Georgia's Takings Clause "prescribes just and adequate compensation as the remedy for an uncompensated taking" and implies "a right of action against the government"). As Professors Ely and Mahoney observe in their amicus brief, there is a litany of

8

Georgia cases awarding inverse condemnation damages under Georgia's Takings Clause against local government entities. (Doc. 49 at 27-28 and cases cited). Here, Fulton could have – but decided not to – present a Georgia Takings Clause claim along with his federal Takings Clause claim. And a claimant is free to file a Georgia Takings Clause claim in state, rather than federal, court.

Second, Georgia takings clause litigants also may use § 1983 to prosecute their Fifth Amendment takings clause claims in federal court against a county or municipality. See, e.g., Bickerstaff Clay Prods. Co. v. Harris County, 89 F.3d 1481, 1485 (11th Cir. 1996); ALA Mgmt., LLC v. Hall County, Dkt. No. 24-10618, 2024 WL 4449752 at *3 (11th Cir. Oct. 9, 2024); Corey, 689 F. Supp. 3d at 1266; Brantley County Dev. Partners, LLC v. Brantley County, 559 F. Supp. 3d 1345, 1370 (S.D. Ga. 2021); Short Term Rental Owners Ass'n of Georgia, Inc. v. Cooper, 515 F. Supp. 3d 1331, 1348 (N.D. Ga. 2021), aff'd sub nom. Heyman v. Cooper, 31 F.4th 1315 (11th Cir. 2022).

Third, as observed by Professors Ely and Mahoney, there are factors that mitigate against implying a direct, freestanding cause of action under the Fifth Amendment when, as here, a takings litigant has other vehicles by which to prosecute his claim:

(1) Inferring a direct cause of action risks interfering with Congress's prerogative to provide remedies for constitutional violations and to determine the jurisdiction of lower federal courts; and

(2) Inferring a direct cause of actions against states (and local governments) is contrary to the uniform view among the courts of appeals that the Takings Clause does not abrogate Eleventh Amendment sovereign immunity.

(Doc. 49 at 30-31).

Similarly, the Supreme Court in <u>DeVillier</u> very recently had the chance to consider whether the Fifth Amendment implied a direct cause of action against a state. The <u>DeVillier</u> Court declined to do so because Texas did not leave the claimant:

> with no cause of action to obtain the just compensation guaranteed by the Takings Clause… Texas state law provides a cause of action by which property owners may seek just compensation against the State. [Texas'] state-law inverse-condemnation cause of action provides a vehicle for takings claims based on both the Texas Constitution and the Takings Clause.

<u>DeVillier</u>, 601 U.S. at 293, 144 S. Ct. at 944. Identically, a Georgia Takings Clause claimant also has a vehicle under state law (the Takings Clause in the Georgia Constitution) to obtain just compensation. As to a line of Supreme Court cases (some of which Fulton has relied on to support his argument that the Fifth Amendment contains a freestanding direct cause of action) that examined Takings Clause claims without mentioning § 1983, <u>DeVillier</u> further observed that "the mere fact that the Takings Clause provided the substantive rule of decision for the equitable claims in

10

[prior Supreme Court cases that did not rely on § 1983] … does not establish that it creates a cause of action for damages, a remedy that is legal, not equitable, in nature." DeVillier, 601 U.S. at 292, 144 S. Ct. at 944.

Although Fulton suggests that DeVillier is the harbinger of a sea change in Fifth Amendment Takings Clause jurisprudence that will allow litigants to pursue a freestanding claim directly under the Takings Clause, it is not. DeVillier simply stands for the proposition, already explored in Knick, that the courts will not leave a takings claimant without a remedy if there is no separate cause of action (or procedural vehicle) under which the claimant may bring a Takings Clause claim. 601 U.S. at 288, 291, 144 S. Ct. at 941, 943; see Knick, 588 U.S. at 184-85, 139 S. Ct. at 2167-2168 (exhaustion of state remedies is not a prerequisite to a Takings Clause action under § 1983). Knick stands for the proposition that:

> So long as the property owner has some way to obtain compensation after the fact, governments need not fear that courts will enjoin their activities. But it does mean that the property owner has suffered a violation of his Fifth Amendment rights when the government takes his property without just compensation, and therefore may bring his claim in federal court under § 1983 at that time.

588 U.S. at 185, 139 S. Ct. at 2168.[2]   Put another way, although the Fifth Amendment Takings Clause is "self-executing," Knick, 588 U.S. at 194, 139 S. Ct.

---

[2] Knick overruled the "preclusion trap" created by the combined effect of Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 105 S. Ct. 3108 (1985) and San Remo Hotel, L. P. v. City and County

at 2172, this does not mean that the Fifth Amendment necessarily grants a freestanding direct cause of action where the takings claimant has a procedural vehicle (either via a federal suit under § 1983 or the applicable state law takings clause) by which to obtain compensation for the taking. <u>DeVillier</u>, 601 U.S. at 293, 144 S. Ct. at 944.

This Court has asked whether a cause of action under § 1983 is a constitutionally sufficient remedy to fully vindicate the right to just compensation for violations by local governments. The answer is yes based on a claimant's ability to proceed with a takings claim under the Georgia Constitution and/or the Fifth Amendment via § 1983. Although § 1983 comes with its own pleading requirements and immunities available to local governments that litigants must take into consideration, (Doc. 49 at 32-33), it still remains a viable remedy available to takings claimants who want to pursue a just compensation claim for money damages while also allowing for the recovery of attorney's fees to a prevailing claimant. Finally, the claimant always can file a Georgia Takings Clause claim in state court to obtain the same remedy as in federal court under § 1983.

---

of San Francisco, 545 U.S. 323, 125 S. Ct. 2491 (2005). <u>Knick</u>, 588 U.S. at 205, 139 S. Ct. at 2179.

## **<u>CONCLUSION</u>**

The Court should apply Georgia's two-year personal injury statute of limitations to Fifth Amendment Takings Clause cases. And because a Georgia Takings Clause claimant may proceed under § 1983 and/or the Georgia Takings Clause, as well as file a takings suit in Georgia state or federal court, there need not be a direct, freestanding Fifth Amendment Takings Clause cause of action against a local government. This result is demanded by the Supreme Court's decisions in <u>Knick</u> and <u>DeVillier</u>. For these reasons, and for the reasons set forth in Appellee's opening brief, this Court should uphold the District Court's Order denying Fulton's Motion to Amend Complaint and granting FBOC's motion to dismiss.

Respectfully submitted this 23rd day of January, 2025.

*/s/Michael D. Hoffer*
Michael D. Hoffer
Georgia Bar No. 359493
*Attorney for Appellee FBOC*

4919-6004-5330, v. 1

## <u>CERTIFICATE OF COMPLIANCE</u>

This document complies with the word limit of FRAP 32(a)(7)(B) because, excluding the parts of the document exempted by FRAP 32(f), this document contains 2,699 words. In addition, this brief complies with the style and size requirements of FRAP 32(a)(5) and (6).

This 23rd day of January, 2025.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

*/s/Michael D. Hoffer*
Michael D. Hoffer

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, Georgia 30092
(404) 881-2623
mhoffer@cmlawfirm.com

4919-6004-5330, v. 1

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day electronically filed this **APPELLEE'S SUPPLEMENTAL BRIEF** using the Electronic Case Files ("ECF") system, which automatically will serve Appellant and other counsel of record by via the Eleventh Circuit's NexGen system.

This 23rd day of January, 2025.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

*/s/Michael D. Hoffer*
Michael D. Hoffer

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, Georgia 30092
(404) 881-2622
mhoffer@cmlawfirm.com

15